### PASKUSZ et al. v. PHILADELPHIA CASUALTY CO.

(Supreme Court, Appellate Division, First Department.    November 3, 1911.)

1. INSURANCE (§ 432*)—CREDIT INSURANCE—"AND."

A credit insurance policy limited defendant's liability as to old customers to those who possessed a rating expressed in "Schedule A," or possessed a capital "and" credit rating other than those contained in a specified list, or were rated entirely blank as to both capital and credit, or whose names were not printed in a designated mercantile agency book. *Held*, that the word "or" could not be substituted for "and" in the clause referring to customers possessing a capital and credit rating other than those contained in the list, and hence an old customer, rated by the mercantile agency as "———— 4," which referred to credit only, and not to capital, was not covered by the policy.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 432.*

For other definitions, see Words and Phrases, vol. 1, pp. 385–394; vol. 8, p. 7575.]

2. INSURANCE (§ 432*)—CREDIT POLICY—INITIAL LOSS.

Where a credit insurance policy excepted an initial loss of $750, the insured was not entitled to recover thereunder for a loss of $195.30.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 432.*]

Appeal from Trial Term, New York County.

Action by Jacob Paskusz and others against the Philadelphia Casualty Company. From a judgment for plaintiffs, defendant appeals. Reversed and dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Frank H. Platt, for appellant.
Edward Petigor, for respondents.

SCOTT, J.    Defendant appeals from a judgment rendered by the court without a jury. The action is upon a credit insurance bond or policy. The plaintiff seeks to recover two losses occasioned by the bankruptcy of one Annie Scheinberg, who owed plaintiff $4,990.82, and by the failure of the Sanders Manufacturing Company, which owed plaintiff $195.30. The controversy is as to the Scheinberg loss, and the question presented is whether or not that loss is covered by the terms of the bond or policy. On July 20, 1907, defendant issued a bond or policy to plaintiff to run until September 19, 1907. On September 27, 1907, defendant issued a renewal policy to run from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

September 20, 1907, to September 20, 1908. On October 21, 1907, Annie Scheinberg was adjudged a bankrupt. The first policy above mentioned limited defendant's liability solely by what is termed "experience" which confined the insurance to indebtedness incurred by "old" customers of plaintiff. The second policy (upon which this action is brought) was designed to extend the insurance, so as to cover indebtedness incurred by "new" customers as well as "old." Of course, the test of "experience" would be inapplicable to "new" customers, and consequently the new policy established a different standard whereby to determine the risk which defendant assumed. Attached to the policy and made a part of it is a schedule, called "A," indicating the risk which the defendant assumed. This schedule contained a list of letters and figures indicating the ratings published by a specified mercantile agency. These ratings ran from Aa-A1 to G-3½, and to the list was appended the following statement:

"Customers of the indemnified possessing one of the capital and credit ratings as specified in the above schedule shall be covered for an amount not exceeding the sum set opposite such customer's rating thereon."

Then followed the definition of "old" and "new" customers, under which Annie Scheinberg would be classed as an "old" customer. As to such customers the policy provided as follows:

"TT—Subject to the terms and conditions of the attached bond and this rider, old customers of the indemnified possessing a capital *and* credit rating other than as specified in the above schedule, or who are rated entirely blank as to both capital *and* credit, or whose names are not printed in the designated mercantile agency book, shall be covered for goods shipped during the term of the attached bond, for an amount not exceeding the highest indebtedness such customer owed to the indemnified at one time, for goods shipped by the indemnified to such customer within 18 months prior to shipping the first item of the goods wholly or partly included in the account upon which the loss was incurred, not exceeding, however, the amount paid upon such highest indebtedness during said period."

Annie Scheinberg's rating by the designated mercantile agency, during the period covered by the policy, was "——— 4." This the trial court has found to be both a capital and credit rating, but that finding was clearly inadvertent, as appears by reference to a "Key to Ratings" read in evidence, from which it appears that such a rating as was given to Annie Scheinberg relates to credit only, and not to capital. Annie Scheinberg, therefore, during the period covered by the policy, was an "old" customer having a rating not included in the list of ratings included in Schedule A, and was rated only as to credit, and not as to capital. An indebtedness from her is not, therefore, covered by the letter of the contract, which limits defendant's liability as to old customers to those who (1) possess a rating embraced in Schedule A; or, failing that, (2) possess a capital *and* credit rating other than those contained in the list; or (3) are rated entirely blank as to both capital and credit; or (4) whose names are not printed in the designated mercantile agency book. It will be seen that none of these classes embraces a customer, like Annie Scheinberg, whose name was printed in the agency book, and who had a rating therein as to credit, but not as to capital.

[1] The respondent urges, in support of the judgment, that any ambiguity in the terms of the contract must be resolved most favorably to the insured. Such is no doubt the accepted rule (Rickerson v. Hartford Fire Ins. Co., 149 N. Y. 307, 43 N. E. 856); but there is no room for its application here, since the language of the contract is entirely unambiguous. It is also urged the word "or" should be substituted for "and" in the description of persons whose debts are insured against, hereinbefore designated "(2)," so that the policy will be read so as to cover indebtedness owing from old customers possessing "a capital *or* credit rating other than" one of those contained in the list of ratings included in Schedule A. There are undoubtedly cases in which the courts, in order to carry into effect the evident intention of the parties, will substitute "or" for "and," or vice versa; but there must be something in the context or elsewhere to clearly indicate what the intention of the parties was. Otherwise, to make such a change would be to make a new contract for the parties. We find nothing in the context, or in any other circumstances, to suggest that the parties intended to make· any other contract than that which is indicated by the language which they used. That language clearly excludes the indebtedness of Annie Scheinberg from the protection of the policy, and, in so far as the judgment appealed from rests upon a claim for indemnity against her indebtedness, it is erroneous.

[2] The policy provides only for the payment of losses exceeding what is termed an "initial" loss of $750. Since Annie Scheinberg's indebtedness, as we consider, is not covered by the policy, there remains only the claim upon the indebtedness of the Sanders Manufacturing Company, which is much less than the stipulated initial loss. It cannot, therefore, be recovered. This result necessitates a reversal of the judgment, and, as the essential facts cannot be changed upon a new trial, the complaint will be dismissed.

Judgment reversed, and complaint dismissed, with costs to the appellant in this court and the court below. All concur.